**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Jose E.A.C.,

Petitioner,

v.

Todd Blanche, *et al.*,

Respondents.

Civ. No. 26-3506 (JWB/EMB)

**ORDER**
**REQUIRING SUPPLEMENTAL EVIDENTIARY SUBMISSION**

---

Petitioner Jose E.A.C. seeks habeas relief under 28 U.S.C. § 2241, challenging the legality of his May 26, 2026 arrest and resulting detention. (Doc. No. 1.) The parties have completed expedited briefing. (Doc. Nos. 6, 8.) The present record, however, does not permit resolution of a potentially dispositive issue concerning the Form I-200 Warrant for Arrest of Alien on which Respondents rely.

Petitioner entered the United States in 2015 and was placed in removal proceedings. His appeal from an Immigration Judge's removal decision remains pending. On May 26, 2026, Immigration and Customs Enforcement ("ICE") officers arrested Petitioner as he arrived at the St. Croix County Courthouse in Hudson, Wisconsin, for trial on pending state criminal charges. Petitioner alleges that he was not shown a warrant at the time of arrest and that an arresting officer told him he was subject to a 2004 deportation order, even though Petitioner did not enter the United States until 2015.

Respondents maintain that the arrest was authorized by a Form I-200 issued four days earlier, on May 22, 2026. The warrant states that probable cause existed based on

"biometric confirmation of the subject's identity and a records check of federal databases" indicating that Petitioner lacked lawful status or was otherwise removable. Respondents further contend that the warrant was supported by information available before Petitioner's arrest. Their habeas response asserts that ICE had access to Petitioner's biometrics through existing federal databases, that Petitioner had previously been fingerprinted in 2015, and that the fingerprints taken after his May 26 arrest played no role in the May 22 probable cause determination.

The present evidentiary record does not establish those facts. Respondents rely principally on a declaration from Deportation Officer William Robinson, who conducted a records review but does not purport to have issued the May 22 warrant, performed the asserted biometric comparison, or personally reviewed the information on which the issuing officer relied. Petitioner therefore argues that Respondents have shown only that ICE possessed systems through which a pre-arrest biometric comparison could have been performed, not that such a comparison actually occurred before this warrant issued.

Substantiating the record is important. Respondents rely on the May 22 Form I-200 as the legal authority for Petitioner's arrest. Whether that warrant was supported by the factual predicates certified on its face therefore bears directly on the legality of the custody challenged here.

An evidentiary hearing is not presently necessary. The relevant information should largely be within Respondents' possession and, if their assertions are correct, capable of presentation through declarations and contemporaneous records. A supplemental evidentiary submission is therefore appropriate.

Accordingly, **IT IS HEREBY ORDERED** that:

1. No later than October 12, 2026, at 12:00 p.m., Respondents shall file a supplemental evidentiary submission establishing the factual basis for the May 22, 2026 Form I-200.

2. The submission shall establish:

    A. the information actually relied upon in issuing the May 22 Form I-200, including the preexisting biometric information and federal records used to identify Petitioner and determine that probable cause existed;

    B. whether the biometric comparison and records check identified on the face of the warrant were actually completed before the warrant issued, and by whom; and

    C. whether the May 22 Form I-200 was available to and relied upon by the officers who arrested Petitioner on May 26, 2026.

3. The submission shall be supported by declaration testimony based on personal knowledge and, to the extent such records exist, contemporaneous records sufficient to substantiate the asserted pre-arrest biometric confirmation and records check.

4. Respondents shall preserve all system-generated logs, audit records, search histories, or comparable records bearing on the issuance of the May 22 Form I-200. If Respondents rely on a factual assertion for which no contemporaneous record exists, the declarant shall explain the basis for that assertion and why no such record exists.

5. General descriptions of ICE databases, agency capabilities, standard practices, or what officers could have done will not suffice standing alone. The submission must establish what actually occurred in connection with this warrant and this arrest.

6. If Respondents contend that responsive material cannot be disclosed publicly because it is privileged, law-enforcement sensitive, classified, or otherwise protected, they shall identify the specific basis for withholding and may submit the material for in camera review together with a proposed redacted public filing.

7. Petitioner may file a response to Respondents' supplemental submission no later than October 16, 2026, at 12:00 p.m. No reply shall be filed without first obtaining court permission.

8. After reviewing the supplemental submissions, further proceedings, including an evidentiary hearing if material factual disputes remain, will be ordered if necessary.

Date: October 6, 2026

*s/ Jerry W. Blackwell*
JERRY W. BLACKWELL
United States District Judge